

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIN LINCOLN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOHN LINCOLN, ET AL., | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:15-CV-819-A |
| CITY OF COLLEYVILLE, TEXAS, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Sergeant Leah Lewis ("Lewis") and Officer Tim Stites ("Stites") to dismiss and, in the alternative, for Rule 7(a) reply to immunity defense. The court, having considered the motion, the response of plaintiff Erin Lincoln ("Erin"), the record, and applicable authorities, finds that the motion to dismiss should be granted.

I.

Background

The allegations of plaintiffs' first amended complaint are set forth in the court's memorandum opinion and order of March 4, 2016, and are not repeated here except to point out the specific allegations made regarding movants. Aside from mentioning that movants can be served through the Southlake Police Department,

Doc.[1] 37 at ¶¶13-14, plaintiffs do not mention them again until ¶57. There, they simply allege that Stites, Lewis and another officer participated in detaining Erin in the back of a patrol car. No details are provided. Plaintiffs only say that movants would have intercepted Erin had she attempted to leave. Again in ¶ 60, they simply state that movants prevented Erin from leaving the back of the patrol car. In ¶ 61, they say that the conduct of movants was objectively unreasonable.

## II.

### Grounds of the Motion

Movants maintain that plaintiffs have not pleaded sufficiently to state a claim against them and have not, in any event, pleaded sufficiently to overcome their right to qualified immunity. They urge that the claims against them should be dismissed. In the alternative, they request a Rule 7(a) reply to their immunity defense.

## III.

### Applicable Legal Principles

The applicable legal principles are set forth in the court's March 4 memorandum opinion and order.

---

[1] The "Doc." reference is to the number of the item on the court's docket in this action.

IV.

Analysis

Plaintiffs' complaint does not allege any facts regarding the arrival of movants on the scene or their role in the events giving rise to this action, other than to say that movants participated in detaining Erin in the back of a police car. As noted in the court's earlier opinion, Erin sat in the car for approximately two hours. Doc. 37 at ¶¶ 29-30. Plaintiffs allege that Erin suffered from a severe anxiety disorder and that she was extremely distraught. Id. ¶ 29. There is no allegation that Erin or her family had any contact with movants, physical or verbal. In sum, plaintiffs have alleged little more than bare legal conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007). The facts pleaded do no more than permit the court to infer the possibility of misconduct and that is not enough to allow plaintiffs to go forward with their claims. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Even if plaintiffs' pleading was sufficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure, they have not overcome the qualified immunity defense asserted by movants. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986). Plaintiffs have not cited any authority to establish that every reasonable officer would have known that

3

he could not detain a witness for a period of approximately two hours while an investigation was underway. This is especially true given Erin's mental status-suffering severe anxiety disorder and being emotionally distraught, fragile, and in distress--as alleged by plaintiffs. Although one court has stated that a ninety minute detention of a witness is ordinarily too long, see Walker v. City of Orem, 451 F.3d 1139 (10th Cir. 2006), plaintiffs have not shown that the alleged two hour detention by Stites and Lewis was clearly unreasonable and that every officer would have known so. Unlike Officers Scott, Meeks, and Barnes, movants here are alleged to have played only a minor role during a limited period of time. In fact, from plaintiffs' pleading, it is not clear why the Southlake officers were even present at the scene.

V.

Order

The court ORDERS that movants' motion to dismiss be, and is hereby, granted, and that plaintiffs' claims against Lewis and Stites be, and are hereby, dismissed.

4

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims against defendants Lewis and Stites.

SIGNED April 8, 2016.

_____
JOHN McBRYDE
United States District Judge

5