IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 23 2016

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

| | | |
|---|---|---|
| ERIN LINCOLN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOHN LINCOLN, ET AL., | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:15-CV-819-A |
| CITY OF COLLEYVILLE, TEXAS, ET AL., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Officer Patrick Turner ("Turner") and Officer Jimmy Rodriguez ("Rodriguez") to dismiss and, in the alternative, for Rule 7(a) reply to immunity defense. The court, having considered the motion, the response of plaintiff Erin Lincoln ("Erin"), the reply, the record, and applicable authorities, finds that the motion to dismiss should be granted.

I.

Background

The allegations of plaintiffs' first amended complaint are set forth in the court's memorandum opinion and order of March 4, 2016, and are not repeated here except to point out the specific allegations made regarding movants. Plaintiffs say that movants

can be served through the Keller Police Department, Doc.[1] 37 at ¶¶11, 15. In ¶ 27, they allege that Erin was handcuffed and thrown over the shoulder of Turner, who carried her into the backyard, hung her roughly over the back gate and then threw her onto her feet. She was then put into the back of a police car in handcuffs. In ¶ 56, they allege that Turner violated Erin's right to be free from unreasonable seizure of her person when he took her into custody without a warrant, probable cause, or justifiable reason and used excessive force to the need. In ¶ 57, plaintiffs allege that Rodriguez participated in detaining Erin in the back of a patrol car. No details are provided. Plaintiffs only say that Rodriguez would have intercepted Erin had she attempted to leave. Again in ¶ 60, they simply state that Erin was shocked an terrified when she was handcuffed and thrown over Turner's shoulder and that Rodriguez prevented her from leaving the back of the patrol car. In ¶ 61, they say that the conduct of movants was objectively unreasonable. In ¶ 62 they way that the force used by Turner was objectively unreasonable and that Erin continues to suffer emotionally.

---

[1] The "Doc." reference is to the number of the item on the court's docket in this action.

II.

## Grounds of the Motion

Movants maintain that plaintiffs have not pleaded sufficiently to state a claim against them and have not, in any event, pleaded sufficiently to overcome their right to qualified immunity. They urge that the claims against them should be dismissed. In the alternative, they request a Rule 7(a) reply to their immunity defense.

III.

## Applicable Legal Principles

The applicable legal principles are set forth in the court's March 4 memorandum opinion and order.

IV.

## Analysis

Plaintiffs' complaint does not allege any facts regarding the arrival of movants on the scene or their role in the events giving rise to this action, other than to say that movants participated in detaining Erin in the back of a police car. As noted in the court's earlier opinion, Erin sat in the car for approximately two hours. Doc. 37 at ¶¶ 29-30. Plaintiffs allege that Erin suffered from a severe anxiety disorder and that she was extremely distraught. Id. ¶ 29. There is no allegation that Erin or her family had any contact with movants, physical or

verbal. In sum, plaintiffs have alleged little more than bare legal conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007). The facts pleaded do no more than permit the court to infer the possibility of misconduct and that is not enough to allow plaintiffs to go forward with their claims. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Even if plaintiffs' pleading was sufficient under Rule 8(a)(2) of the Federal Rules of Civil Procedure, they have not overcome the qualified immunity defense asserted by movants. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986). Plaintiffs have not cited any authority to establish that every reasonable officer would have known that he could not detain a witness for a period of approximately two hours while an investigation was underway. This is especially true given Erin's mental status-suffering severe anxiety disorder and being emotionally distraught, fragile, and in distress--as alleged by plaintiffs. Although one court has stated that a ninety minute detention of a witness is ordinarily too long, see Walker v. City of Orem, 451 F.3d 1139 (10th Cir. 2006), plaintiffs have not shown that the alleged two hour detention by Rodriguez was clearly unreasonable and that every officer would have known so. Nor have they shown that Turner's actions in removing Erin from the area where medical personnel were treating

4

her injured father was clearly unreasonable and that every officer would have known so. As plaintiffs have alleged, when her father was shot, Erin fell to the ground crying out in terror, Doc. 37 at ¶ 27, and wanted to see and be with her father, id., ¶ 28. She suffered from a severe anxiety disorder and was severely traumatized by watching officers shoot her father. Id., ¶ 60. Plaintiffs do not allege that Erin suffered more than de minimis injury from the handcuffing. See Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001). Plaintiffs have not shown that the movants' actions in the immediate aftermath of the shooting were objectively unreasonable under the circumstances. Graham v. Connor, 490 U.S. 386, 395-97 (1989).

Unlike Officers Scott, Meeks, and Barnes, movants here are alleged to have played only a minor role during a limited period of time. In fact, from plaintiffs' pleading, it is not clear why the Keller officers were even present at the scene.

V.

Order

The court ORDERS that movants' motion to dismiss be, and is hereby, granted, and that plaintiffs' claims against Turner and Rodriguez be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the

dismissal of plaintiffs' claims against defendants Turner and Rodriguez.

SIGNED May 23, 2016.

_____
JOHN McBRYDE
United States District Judge