

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIN LINCOLN, INDIVIDUALLY AND §
AS REPRESENTATIVE OF THE §
ESTATE OF JOHN LINCOLN, ET AL., §
§
Plaintiffs, §
§
VS. § NO. 4:15-CV-819-A
§
CITY OF COLLEYVILLE, TEXAS, §
ET AL., §
§
Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant Ranger Clair Barnes ("Barnes") for summary judgment. The court, having considered the motion, the response of plaintiff Erin Lincoln ("Erin"), the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

Background

The events underlying this action are described in the court's prior orders and opinions, in particular, the memorandum opinion and order of March 4, 2016, Doc.[1] 65. By memorandum opinion and order signed January 17, 2017, the court granted the motion for summary judgment of defendants Kyle Meeks ("Meeks") and Sandra Scott ("Scott"), who were in a similar position as

---

[1] The "Doc. ___" reference is to the number of the item on the docket in this action.

defendant Barnes. Doc. 108. By order signed May 17, 2017, the court noted that a similar disposition would be appropriate if defendant Barnes were to file a motion for summary judgment, Doc. 115, which he has now done.

II.

Analysis

Defendant Barnes maintains that he is entitled to qualified immunity. Barnes participated in the questioning of Erin at the Colleyville police station following the death of her father. The video makes clear that Meeks was the primary officer conducting the proceedings and Barnes was more or less a witness with some minor participation. The video reflects, as Barnes states in his affidavit, that Erin was polite, cooperative, patient, and understanding. Doc. 120 at 2. As with Meeks and Scott, Barnes was entitled to assume that proper procedures had been followed and was not required to second guess what earlier transpired with regard to Erin. White v. Pauly, No. 16-67, 2017 WL 69170, at *5 (U.S. Jan. 9, 2017). Thus, Barnes was entitled to believe that there was probable cause to detain Erin or, as it appeared to him, that she was a cooperating witness. Investigative detention can be continued when based on consent. Dunaway v. New York, 442 U.S. 200, 212 (1979). Erin has not pointed to any summary judgment evidence to support the contention that Barnes knew that

she was being unlawfully detained. Nor has she cited any authority to establish that every reasonable officer would have known that she was being unlawfully detained under the circumstances where all outward appearances were that Erin was a cooperating witness.

### III.

### Order

The court ORDERS that Barnes's motion for summary judgment be, and is hereby, granted; that Erin's claims against Barnes be, and are hereby, dismissed; and, that Erin take nothing on her claims against Barnes.

SIGNED July 13, 2017.

_____
JOHN MCBRYDE
United States District Judge